**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KATHLEEN ANN TOLERICO, <br><br> Plaintiff, <br><br> v. <br><br> SAVATREE, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT AND JURY DEMAND** |

**PRELIMINARY STATEMENT**

Plaintiff, Kathleen Ann Tolerico ("Plaintiff" or "Tolerico"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from SavATree, LLC ("SavATree"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff resides in Teaneck, New Jersey.

2. Upon information and belief SavATree is a Delaware Corporation, registered to do business in New York.

3. Upon information and belief, SavATree's principal place of business and corporate headquarters is located at 550 Bedford Road, Bedford Hills, New York, 10507.

4. SavATree had a forum selection clause in the Employment Agreement with Plaintiff requiring that this case proceed before the Southern District of New York.

5. Plaintiff initially filed the lawsuit in New Jersey, and Defendant moved to have the matter venued in the Southern District of New York.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over the above-captioned action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

7. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the State of New York, and the Federal Court pursuant to a Forum Selection Clause and because it is the residence of the Defendant.

### GENERAL ALLEGATIONS

8. SavATree employed Plaintiff as a market leader at its Northvale location from October 2024, until her unlawful termination on February 20, 2025.

9. During her tenure with SavATree, Plaintiff served as an exemplary employee and never received any write-ups or negative performance appraisals.

10. On February 18, 2025, Ms. Tolerico suffered an unexpected episode of both mental and physical paralysis.

11. She immediately consulted with her therapist and her primary care doctor.

12. Plaintiff's doctors advised her to seek inpatient treatment and arranged for her to be admitted on February 25, 2025 (the earliest available date) into Morristown Medical Center's Voluntary Inpatient Psychiatric Unit.

13. That same day, Ms. Tolerico emailed SavATree employees Maureen Grady ("Grady") who is or was the office manager, Thomas Mara ("Mara") who is or was the operations manager, Craig Decker ("decker") who is or was the regional manager, Paul Carbone ("Carbone") who is or was the marketing manager, and Jonathan Hill ("Hill") who is or was the branch manager.

14. SavATree employees Grady, Mara, Decker, Carbone, and Hill each had authority over Plaintiff and the terms and conditions of her employment, including the power to hire, fire, evaluate her performance, change her compensation, discipline her, and direct her daily work activities.

15. Plaintiff informed each of them that she was ill, would be out of work for a few days, and was unsure when she would be able to return.

16. Plaintiff gave each of them her personal email address and told them to contact her if she was needed.

17. On February 20, 2025, Plaintiff emailed SavATree employee Decker and Bill Ploschke ("Ploschke"), who is or was the human resources manager, informing them that she would be admitted to Morristown Medical Center on Tuesday, February 25, 2025, for an unspecified period, but she would have more details on that date.

18. Ploschke had authority over Plaintiff and the terms and conditions of her employment, including the power to hire, fire, evaluate her performance, change her compensation, discipline her, and direct her daily work activities.

19. Despite the severity of her illness, Plaintiff made every effort to stay in touch with her managers at SavATree and to continue her work.

20. For example, she sent an email to the managers of SavATree about a sales kick-off event, writing:

> I have booked a room for the Sales kick off.  I have it reserved with my personal credit card.  Should I cancel or do you have someone else that could use it?  Maybe Maureen, Louise or Oliver.  I'd say the best to go would be Tom, but I'm sure his hands are full.
>
> I'm really sorry for the inconvenience.

21. Later on February 20, 2025, Plaintiff emailed Ploschke separately.  In her email, Ms. Tolerico clarified that she was not suffering from the common flu and emphasized her desire to keep the reason for her medical absence confidential.

22. Plaintiff provided Ploschke with a note from her treating therapist, confirming that Plaintiff was under her care, needed time away from work due to a medical condition, and she was actively engaged in addressing the issue.

23. In the letter, Plaintiff's therapist advised SavATree to contact her office directly if the company needed further verification.

24. After sending this email, Plaintiff then called  Ploschke and told him that her doctors believed she was suffering from bipolar disorder with mixed episodes.

25. Plaintiff also informed  Ploschke that, fortunately, she would only need a few days for her medication to take effect before she could return to work.

26. Plaintiff kept SavATree apprised of her condition while she was out of work.

27. Within three hours of this phone call, SavATree employee Craig Decker fired Plaintiff via email and falsely claimed she had abandoned her job.

28. SavATree was aware of Plaintiff's disability and her request for an accommodation to stay on medical leave for a few days so her medication could take effect.

29. Yet, SavATree, upon learning of Plaintiff's diagnosed condition, terminated her without discussing any accommodations.

30. Accordingly,  SavATree failed to participate in the interactive process with Plaintiff and instead terminated her employment because of her disability.

## COUNT I
### LAD – Disability Discrimination

31. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

32. Plaintiff was disabled due to her medical condition, specifically, bipolar disorder with mixed episodes.

33. Plaintiff had been satisfactorily performing her essential job functions or could do so with a reasonable accommodation, including remaining on medical leave for a few days to allow her medication to take effect.

34. SavATree's termination of Plaintiff constitutes an adverse employment action.

35. Defendants' actions constitute discrimination based on Plaintiff's disability and violate the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*.

36. SavATree's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management, including but not limited to SavATree employees Maureen Grady, Thomas Mara, Craig Decker, Paul Carbone, Jonathan Hill, and Bill Ploschke.

37. As a result of SavATree's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestations of emotional distress, and emotional distress.

## COUNT II
### LAD – Failure to Accommodate Disability/Interactive Process

38. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

39. Plaintiff was disabled due to her medical condition, in particular, bipolar disorder with mixed episodes.

40. Plaintiff had been satisfactorily performing her essential job functions or could do so with a reasonable accommodation, including remaining on medical leave for a few days to allow her medication to take effect.

41. SavATree knew about Plaintiff's disability.

42. SavATree was aware of Plaintiff's requested accommodations, which included taking a few days of medical leave to allow her medication to work.

43. SavATree did not make a good faith effort to assist Plaintiff in seeking an accommodation.

44. SavATree refused to provide Plaintiff with the requested reasonable accommodation.

45. SavATree's actions constitute a failure to accommodate Plaintiff's disability and a failure to engage in the interactive process in violation of the LAD, N.J.S.A. 10:5-1, *et seq*.

46. SavATree's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management, including but not limited to SavATree employees Maureen Grady, Thomas Mara, Craig Decker, Paul Carbone, Jonathan Hill, and Bill Ploschke.

47. As a result of SavATree's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestations of emotional distress, and emotional distress.

## COUNT III
### LAD – Retaliation

48. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

49. Plaintiff was disabled and requested reasonable workplace accommodations, including a short medical leave for her medication to take effect.

50. In doing so, Plaintiff exercised her rights under the New Jersey Law Against Discrimination.

51. After exercising those rights, SavATree retaliated against Plaintiff by terminating her employment.

52. SavATree's retaliation constitutes an adverse employment action.

53. SavATree's actions violate the LAD, N.J.S.A. 10:5-1, *et seq*.

54. SavATree's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management, including but not limited to SavATree employees Maureen Grady, Thomas Mara, Craig Decker, Paul Carbone, Jonathan Hill, and Bill Ploschkee.

55. As a result of SavATree's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestations of emotional distress, and emotional distress.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendant awarding her compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2026          By:_____

Thomas A. McKinney
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2026          By:_____

Thomas A. McKinney
Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: February 18, 2026          By:_____

Thomas A. McKinney
Attorneys for Plaintiff

**RULE 4:5-1 CERTIFICATION**

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding.  I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: February 18, 2026                       By:_____

                                                                 Thomas A. McKinney
                                                                 Attorneys for Plaintiff